Good morning and welcome to the last day of our sitting here in Jacksonville. We have very much enjoyed Jacksonville's hospitality while we're here and we're pleased to be able to sit here. I just want to remind you that we have familiarized ourselves with your cases and so we encourage you to go straight to the heart of your argument. You will not waive anything that's in your briefs if you don't talk about it today. You may be familiar with our lighting system but just as a reminder the warning light the warning yellow light comes on when you have two minutes left in the time you've allotted and we ask you to conclude your remarks when the red light comes on unless you're in the process of answering a question from the court and appellants please you use your rebuttal as an opportunity to respond to your opponents arguments as it's unfair to the other side they don't have the opportunity to respond with that let's get started call the case of United States versus Kevin Brown morning and may it please the court I'd like to address two issues today first whether section 922 g9 is unconstitutional under the Second Amendment as applied to mr. Brown and second whether the stipulation is insufficient in light of her haif given the court's questions on the Second Amendment I'll start with that issue in United States versus white this court held that section 922 g9 is presumptively lawful but it left open the presumption can be rebutted in as applied challenge but we know from the court's reasoning as well as the history of the Second Amendment how a defendant can rebut that presumption you can rebut it by showing that his conviction is a historic is a conviction that historically would not be considered a quote serious offense as the Third Circuit recently recognized in Binder up first Attorney General only individuals who are convicted of serious offenses were deemed unvirtuous citizens at the time of the founding such they'd be removed or barred from exercising Second Amendment rights why are we not bound by the white case on this issue white merely held that section 922 g9 is presumptively lawful which means it can be rebutted as most circuits that have addressed this issue of held when something is presumptively lawful under the Heller dictum that it can usually be rebutted furthermore the reasoning of white is also shown to be a little bit erroneous in light of the prior case in Griffith and the subsequent Supreme Court case in Castleman but that aside the mere fact it's a presumptively lawful regulation means that it can be rebutted in an as applied challenge that is that really the only reading of the presumptively valid language in Heller it seems to me that the court very easily could have been saying these cases are not these cases are not before us and we're not going to decide these issues right now but we're gonna presume that they're that they're valid why does saying what the court said really mean you can make an as applied challenge I think it's the most natural reading of Heller and I think if the court simply was intending to say these are we're gonna assume these are lawful there would have been no need to use the word presumptively the fact that they used presumptively in the most natural reading of that dictum I think and what most circuits have held is that you can rebut a presumptively lawful regulation in the face of an as applied challenge why wouldn't they have said facially valid if that's what they meant your honor I can only speculate as to why they said presumptively verse facially but most circuits have concluded that it is something that can be rebutted as applied challenge otherwise courts wouldn't have it would obviate the need for to do any constitutional analysis whatsoever with regards to these regulations and Heller certainly didn't suggest that was the either so I do think that the most natural reading of presumptively lawful means in the face of an as applied challenge it can be rebutted and I believe it can be rebutted by showing that this is a type of conviction as a historical matter that would not remove you from the class of unvirtuous citizens do you think that as applied challenge goes to the type of conviction at issue or the particular conduct at issue by that defendant or subsequent facts that have emerged in that defendants life what type of inquiry are you suggesting that the courts should engage with for probably every defendant henceforth I think it's an objective inquiry we are never looking at the facts of a defendant's conduct we're not looking at the facts underlying his prior conviction we're not looking at the facts that has occurred in his life since we're not looking at the facts of the instant conviction we're looking at objective criteria as the binder of court the en banc vendor of court recognized we're looking at things like the elements of the three judges I believe there was an eighth judge majority written by judge Ambrose be or to be I believe it is this is joined only by two judges Ambrose and two other judges so you've got that and then you've got the concurring opinion in Adams which supports that position but frankly it just doesn't make any sense to me to apply the categorical approach in an as applied constitutional challenge the whole purpose of as applied is as applied to my particular circumstance well of course in your case you were not nonviolent you had a knife and your spouse was oh so seems to me you don't if I'm right about the categorical issue you're just out well back then clearly white controls well let me address your concern you may be right it wasn't all eight judges that portion but that portion is correct as a historical matter what we looked at is objective criteria and it makes sense the reason you the vendor up and Adams and also the canter decision the Seventh Circuit support that historically what we cared about was what was the conviction we looked at objective criteria and it makes sense not only from a historical perspective and it also makes sense from a practical perspective as canter recognized it's highly unadmissible to have to look at the facts of every person's case when they bring in as applied challenge for instance and what they point to in supporting these decisions is 18 USC 925 C which Congress enacted to give the executive branch the power to review someone's case and determine whether or not they're the type of person who have their gun rights restored and then after a while Congress defunded 925 C it was it took way too many resources for the executive to determine whether someone is the type of person who should have their gun rights restored probably also seen a lot of resources taken up by considering whether crimes are categorically violent after Johnson DiMaio Davis and the like is that has that been shown to really be an inquiry that courts can easily carry out I think it is far more administrable to look at objective facts and I'm hesitant to say categorical approach it's really objective facts things like the elements the maximum punishment and the fact that this is universally considered a misdemeanor which is not a label we should easily disregard in the Second Amendment context it's looking at objective facts is far more administrable than having to make predicative judgments about future dangerousness or evaluating someone's entire life it becomes a very slippery slope and it's highly administrable and as the US Supreme Court recognized in the United States versus being if the case is a neutral inquiry the judicial branch is probably less equipped so for that . . . Well it seems to me when a person in your client's position is challenging the constitutionality of a statute which of course is presumed constitutional he has the burden you have the burden of showing that your particular situation falls under this particular set of circumstances when as applied it is not constitutional in fact if your position is correct then never would be an as applied challenge in effect somebody in your position with a violent past crime like yours is in effect challenging this statute on its face I mean everybody anybody the most violent domestic prior conviction could make your categorical argument . . . That's not true your honor . . . Why? Because we have to look at numerous objective facts it's not only the elements of the offense it's also how great states treat the maximum penalty it's also how the cross-jurisdictional consensus there are numerous objective well not numerous but there are some objective factors we can look at besides just the elements . . . But every violent domestic violence misdemeanant can make the same challenge you are making he can make these same other arguments . . . If there is a domestic violence misdemeanant who commits an offense where violence is an element where he gets something close to the maximum penalty where the maximum penalty is much more than a year that is a much different situation than Mr. Brown who got a time served sentence under a statute that doesn't require violence where the maximum is only a year something that's historically a misdemeanor . . . If we were going to look at the set of crimes and apply Castleman as you suggest hasn't Castleman already found that these crimes are categorically or perhaps you would say objectively violent . . . Which was a different term domestic violence and expressly recognized there are things that may qualify as domestic violence like common law force that we would not consider generic violence and Castleman expressly says that but I think I have a minute and 40 seconds left and I would like to address . . . Castleman also says that this kind of crime is analogous to violent crime in this domestic context smaller offenses escalate into greater offenses and Congress in fact when they were passing it said they were closing a most dangerous loophole . . . Congress is free to try to achieve whatever policy calls its teams fit so long as it is in line with the Constitution and the Second Amendment has a historical matter which we have to look at under Heller tells us that are certain crimes that don't deem you unvirtuous and Mr. Brown's crime does not remove him from the class of law-abiding citizens is a nonviolent misdemeanor where you see the time served sentence on an offense that has a max of a year that universally considered a misdemeanor in my last 40 seconds I quickly like to touch on Raheish . . . I will hope our presiding judge will give you 40 seconds but I have a few more questions on the Second Amendment issue. A lot of analogies have been made between the First Amendment and the Second Amendment and following litigation to Heller what's your best analogy for an as-applied First Amendment challenge to what you're trying to do here? I don't know what the best analogy is your honor but I will continue to go back to my refrain here which as a historical matter and I would even point to the minority report from the dissenting members of the Pennsylvania Ratification Convention and which Heller recognized as an influential precursor to the Second Amendment what matters is of the conviction and that's what we're looking at so as a historical matter and that's what we rely on we need to look at what the conviction was an objective criteria determine whether he's removed from the class of law-abiding citizens and just to reiterate looking at the conduct leads to a slippery slope that Congress recognized and the unworkability that Congress recognized when it defunded 925 C. You may have 40 more seconds. Thank you your honor. Perhaps more if we have questions on your Rahif claim. Thank you your honor. In light of Rahif, the stipulation is insufficient. Rahif recognized that the government must prove that Mr. Brown knows his status and what they said in Rahif is sometimes a status has a legal component and but nevertheless the government must prove a defendant knows this legal thing and of all the 922 G statuses I think misdemeanor crime or domestic violence might be the most complex. In fact Justice Alito recognized that in his dissent and he said it would be much harder for the government to establish these violations going forward because of how complex this definition is because they have to show the defendant knew the law. Doesn't make it easier when the person has pleaded that they knew? He did not plead that he knew your honor. This was a stipulation that he had a conviction. This was pre-Rahif. In fact the argued below that he knew. They just argued we don't have to show that. But all he had to show is the status that all he had to know under Rahif is that he had that status. Correct. And he certainly admitted that. No he didn't your honor. He did not admit he knew that. He admitted I have a conviction for a misdemeanor. It's a qualifying conviction. He never admitted I knew that I am in this prohibited category. That was never admitted. It was a very short stipulation and nowhere in that stipulation did he admit he knew his status such that he would have the guilty mind needed to commit a 922g violation. And without any evidence in the record and we're limited to the stipulation because this is a preserved sufficiency claim. So without anything in the stipulation to show that he had that knowledge, the stipulation is insufficient and this court should do what did in Mount and Gaspar which are cited in our supplemental briefs and judgment of acquittal. Why would we vacate for that relief instead of a new trial? That's what this court did in Mount and Gaspar which are cited in our supplemental briefs. Those were cases very much like this one where it was a post-verdict change in the law and the evidence was insufficient in light of that new law. And what the court did in those cases was they recognized that because the evidence is insufficient even in light of this post-verdict change in the law the proper remedy here on the double jeopardy clause is to other cases suggesting that the proper relief is a new trial. The difference is in those cases the error was because of a trial court error as opposed to a failure of the government to supply the necessary evidence. Here we raise this issue below and the government simply said we don't have to prove that. They argue the evidence was sufficient. They argue oh we could establish that even if it is the law. They just said we don't have to prove that. Does Rahib say that the status or that they have to know that there is a let me rephrase this do they have to know that they've committed that crime or do they have to know that they've committed that crime and that that leads to a particular status under a different statute? They have to know their status even if it's a legal thing they have to know. I'm asking two different things right they on the one hand do they have to know that they committed the crime on the other hand do they have to know that their prior commission of that crime puts them in a particular status bucket? The latter. The latter. I don't believe we have says that where in in the opinion does it say that? It says that if you do not have if you do not know the particular group that you're in you do not have the guilty mind needed to commit this offense and that's why Justice Alito was so pointed in his dissent saying it's gonna be much harder to prove these you are in that status you do not have the guilty mind needed. I think I don't necessarily disagree with Justice Alito's concerns but at the same time I think that your argument is taken even a step further than the Rahif opinion actually takes it. What Rahif says is that you have to know the law it's it's a mistake of law is a defense it's a legal thing you have to know and misdemeanor crime domestic violence is a very complex law but nevertheless the knows the law. The government has to prove that he knows that he committed that misdemeanor offense which is a question of law but they don't under my reading of Rahif have to know he doesn't have to know that the commission his commission of that offense has this particular subsequent consequence. Are you saying that Rahif says that he does have to know that second bucket? Yes your honor and I would also and I would analogize to Rahif where he knew he was out of school but his defense was oh I didn't know that made me unlawfully present even though he knew he was out of school. Right but his defense wasn't I didn't know that made me unlawfully present which had this other effect on my ability to handle a firearm. That's not what we're saying your honor we're not saying he needs to know the consequences of being in the status but he does need to know he has the status and there's nothing in the record you're showing he knows he has the status and that's what Rahif requires. Thank you your honor. We'll allow you your full time for rebuttal. Good morning may it please the court Jennifer Karinas for the United States. I want to start if I may with something that Judge Anderson you were asking about the presumptively valid language in Heller. Certainly the Supreme Court knows how to establish a rebuttable presumption. It did so in McDonnell Douglas. It's a very complicated test and so if the Supreme Court intended to tell courts you are to impose a rebuttal you are to analyze this with a rebuttable presumption it certainly could have said so. The more natural reading the more logical reading is to say Heller said these things we recognize we're not casting doubt on the constitutionality of things like felon dispossession. That's the presumptively valid is in a footnote to that so all the Supreme Court is saying because the purpose was not for the Supreme Court to make a catalog of what was constitutional. It was analyzing whether or not a regulation an ordinance was constitutional and so the presumptively valid language is simply just saying these are things that we're not casting any doubt on and that includes the felon dispossession statute and then there are presumably other things too and we're not getting to that today and so I want to turn to white. There's been discussion that white somehow is not valid or has been called into question. Griffith this court's case in Griffith was long before white where this court said that the Georgia battery statute which is similar to Florida which just involves I believe an offensive touching satisfies the is so that one has the status of having committed a misdemeanor crime of domestic violence. That's this court's binding precedent in Griffith. That's what this court had on the books when white was decided and white didn't just say we don't know about Griffith. We don't know what misdemeanor crime of domestic violence means. We think it means just violence as is stated often in Mr. Brown's brief. What it says is violence toward a family member or domestic partner. That's domestic violence and Castleman later said domestic violence is violence. Violence that may be may not be actionable outside of that context that we might not think of as being traditionally violent in the Johnson context for example a violent felony. In the domestic violence context that's violence. Even an offensive touching because of the special context of domestic violence where oftentimes the as we have here in under the Florida statute you have an intentional touching against the victim's will. That this very clearly social science that's been accepted by every court that's looked at it including the Supreme Court and Castleman shows domestic violence escalates over time and when there is a gun present the victim is between six to twelve times more likely to die than if there isn't. And so that is why courts have consistently recognized that a something like is hypothesized here and I'll get to the categorical approach in a moment that someone who just touches someone on the arm lightly could be covered. That's true. That's not Mr. Brown but that is true and that's what Castleman says that's what Griffith said. And on the categorical approach as we said it has absolutely no applicability here. Categorical approach is as I'm sure the court knows how a district court figures out whether a prior conviction constitutes predicate offense for an enhanced penalty. And so the categorical approach requires the courts to look at the elements not the real-world context they context and all the facts they ignore what the person actually did look at the elements to decide if they categorically belong to this to this crime. Whereas here we have an as-applied challenge and Mr. Brown had to bring an as-applied challenge because white forecloses a facial challenge. And so he brings an as-applied challenge but then asks this court to ignore his conduct. And that just is not how this court approaches an as-applied challenge. As applied to me this is unconstitutional. White says as a group it's constitutional facially but as applied to my special circumstances it's not. What's the government's view of as-applied challenges generally under this statute? Do you think does the government say that as-applied challenges are permitted under the statute or not? No your honor not after White and then Rozier. So White made it very clear it wasn't just saying we find this facially valid. White said if you commit a crime of misdemeanor crime of domestic violence under G9 you are outside the protection of the Second Amendment. That's it. Rozier came along after that and in the context of the felon dispossession statute said the same thing. Said if you commit a felony that qualifies under G1 922 G1 then you are outside the protection of the Second Amendment in every context. Does it make sense there's been a lot of judicial and scholarly discussion of the nature of the Second Amendment right obviously. Are there any are there any comparable rights that you say would apply or not apply to a person as opposed to particular conduct? You mean someone's right like we we don't we don't often say that people are that a particular person doesn't receive protection from the First Amendment. We say that particular speech like fighting words or obscenity is unprotected. Is there any way that that analogy breaks down between the Second Amendment and the First Amendment? Well it's it's different here because we're in the criminal context. So that the group of people that we're looking at are in that group because of their conduct. That's the really the best way that I can answer it. So it's not the fact they're in the group comes after the conduct that puts them in that group. That is a very interesting point. The Seventh Circuit in Skowhean, is that how you pronounce it? I'm not sure I thought it might be Skowhean. I'm not sure. Okay that's better. It analyzes that very issue at some length and considers that Heller itself told us that the Second Amendment can and the long-standing traditions that are excluded can relate to categories of people like felons. So that's the best answer I have. I think that's right, Your Honor, and that's consistent with what this court did in White and then in Rozier. Let me ask you this. It seems obvious to me as a matter of common sense and the way as applied challenges have always been considered that we have to consider his personal conduct and not employ the categorical approach. But it is true that no cases . . . well I guess the Adams case that you cited does support that proposition, the majority there. Then you got the three judges on the other side in Binderup and the dissent of Adams seems to deploy your opponent and not you. But there's almost no law on that issue, is there? Not that I'm aware of, Your Honor, and are we talking about the as applied and the categorical approach? Right. So really if you think about what the categorical approach would require in these circumstances, it's a facial challenge because the categorical approach is saying take the least culpable conduct. That's everybody in the universe who might have the status of being a convicted misdemeanor crime and domestic violence convicted of that crime. If you look at the least culpable conduct, is it still constitutional? So it's basically a facial challenge. And in effect, any violent offender, domestic violence offender, can make this same challenge under the categorical approach, which in effect makes it a facial challenge. It does indeed. You might then get back to white that white controls. That's exactly the argument, Your Honor, is that by trying to engraft the categorical approach onto the constitutional analysis and as applied and trying to say . . . it really turns it on its head to say you have to impose this categorical approach in an as applied challenge. And then you could have someone who is extremely violent and their particular conduct is extremely violent availing themselves of the categorical approach and saying you should consider me the same as someone who just gently touched someone in the context of domestic violence. And that just can't be what the analysis is. And that just isn't what an as applied challenge is. And I want to, if I can, move on to the Rahif issue that we were talking about. As we argued in our brief, this court doesn't need to reach the issue because even though it was before Rahif, Mr. Brown stipulated to the facts and evidence and said not only stipulated the facts and evidence, he said, I agree that this constitutes sufficient evidence to find beyond a reasonable doubt that I committed the offense.  It was, Your Honor. So the Supreme Court in Rahif essentially said there's a new element of the crime and I don't see how the stipulation covers that. Well, that's the point. The stipulation doesn't say what elements it's covering. The stipulation says facts and evidence that's sufficient to establish that I'm guilty of G9 and he preserved his constitutional challenge. Isn't it fair to assume, though, that he was pleading to what everyone understood at that time the elements were? Well, on the idea of what everyone knew were the elements, remember, Rahif is the same office as the lawyer for Mr. Brown and they had already, six or seven months before this stipulation was entered into, had already asked for a jury instruction in Rahif on the knowledge point and had already filed their initial brief with this court on the knowledge point. So it's hard to imagine that this was not in the minds, and I'm not going to be amazed in this case, but it certainly was out there and known to the folks who were litigating this case. But if we look at, again, look at the stipulation, we say essentially he waived any ability to come back later on and say, even though I said the facts and evidence are sufficient and I committed this crime beyond a reasonable doubt, now I want to do it over and add to this thing because of Rahif. And we would submit you just . . . We have never held, is this correct, that a defendant to a stipulation like this, we've never held them to it when during the pendency of the appeal, we learned that the government was required to prove a new fact, have we? There's no case on point from our . . . I've not found one, Your Honor. And I'll move on to the second point, and that is . . . Before you get off of that point, his argument is, yes, in the stipulation, I admitted that I was a domestic violence misdemeanant. But he says the government has to prove more in a constitutional challenge, namely, that he also knew that that would mean he lost his right to possess guns. I understand, Your Honor. And here, I would say that we have, because as was being discussed, we just have to show that Mr. Brown knew that he had . . . Does Rahif say that, that you have to know more than simply that you are in the status of a domestic violence misdemeanant? No, Your Honor, and I would say that that additional step that they're asking for is the legal conclusion. That's what we have to prove. We have to prove that he knew he was in this prohibitive status. We did that. Then, we have to prove that he was, in fact, in that prohibitive status, that he does fall under G-9. He has to know that the offense has, as an element, the use or attempted use of physical force . . . That's correct. . . . under the categorical approach, right? That's correct, Your Honor. That seems to me to be something fairly technical. I don't know that it's necessarily technical, but we're looking at what did he know. He knew that he said, I engaged in this conduct, which is a battery, which is an intentional touching against the will of the victim. It's a misdemeanor, and this person's in a domestic relationship with me. He knew that. He admitted it. He had a lengthy discussion with the judge. He pleaded no contest. That establishes his knowledge. Whether that then . . . he doesn't need to know the word element. He just needs to know that he engaged in that conduct and he needs to know that he was convicted of this crime. Then, we have to show that that means . . . Does he need to know that it disqualifies him from possessing guns? He does not, Your Honor. He does not need to know the consequences, and I don't think Mr. Brown has argued that he does. If I misspoke, I apologize. In addition to the evidence in the record showing that Mr. Brown had to have known his gun, and this court can look at all of the evidence in the record, there's also evidence that he knew he wasn't supposed to have a gun, and the district court looked at this in particular. It's in the record where the district court notes, and I believe it's in the verdict, that Mr. Brown sold the gun in a drug deal to someone after he said . . . There is no challenge to this proffer. The prosecutor proffered that a confidential informant who purchased the gun, that Mr. Brown said to him, I bought this gun from my cracker. He bought this pistol at a store, and then it's in the PSR, which you can also look at in this context. You can look at the whole record. Before he handed that gun over, he wiped his fingerprints off of it. In addition to all of the evidence showing he knew what he did, he knew what he did was a crime, that crime, we proved, qualifies under G-9 . . . He didn't want to be implicated in whatever crimes he may have suspected were going to happen with that gun? He could have, Your Honor, but the point is the district court construed that to be, this is a straw purchaser, this is . . . he knew that this was illegal. It's certainly reasonable to interpret it that way. Are there no further questions? Actually, I do have one question. I don't read white. I know Fosia reads it that way, and I'm not sure maybe Rosia does, but white itself, all it says is that this category survives scrutiny. That doesn't say that it is not protected at all. White may well have meant simply that it survives whatever scrutiny is appropriate. Your Honor, I'm not sure about that because the last sentence in white says, given that Heller does not cast doubt on the constitutionality of 922 G-9, we affirm. It was said that in the context of having said that it read Heller to not extend protection to those in the category of felons who have been dispossessed and then said G-9, 922 G-9 was enacted to close a dangerous loophole in that. It made sense for the court to liken it to the felon dispossession statute and say, just like Heller doesn't cast doubt on the constitutionality of felon dispossession statutes, in the same way we find that Heller doesn't cast doubt on the constitutionality of G-9. That sounds like they are saying categorically, not to use that word, as a group, someone who has committed a misdemeanor crime of domestic violence falls outside of the protection of the Second Amendment. And I guess it really doesn't matter whether it's simply unprotected or whether it just is presumptively, irrevotably, you say, passes whatever scrutiny there is. Yes, Your Honor. Thank you. I'd like to start with the Rahafe point. The first thing I'd like to mention with the Rahafe point is the government wants to look at facts that are outside the stipulation, but under this court's precedent, originally with the preserved claim of sufficiency of the evidence, we are limited to the evidence presented at trial. So we are limited to the stipulation when we're viewing the sufficiency of the evidence. That's this court's precedent. So the government's attempt to look outside the record may work on an unpreserved claim of sufficiency, but on a preserved claim, we are limited to the evidence, and that's the stipulation. I also want to clarify one point. Where, what case is that? I can give you two cases, Your Honor. United States v. Eckhart, 466 F. 3rd, 938, Penn site 944. Another one is United States v. Thomas, 987 F. 2nd, 697, Penn site 702. I'd also like to turn back just to clarify what our position on Rahafe is. Just one more quick question. Did you, did you make that point in your briefing? No, Your Honor, but I didn't know the government was going to be going outside the record because this was simultaneous supplemental briefings on the effect of Rahafe. Give me the site, that second case, the F. 2nd case. 987 F. 2nd, 697, Penn site 702, United States v. Thomas. The first case was United States v. Eckhart. That was 11th Circuit, 2006 case. Just to clarify what our position on Rahafe is, we're not saying the government has to prove you knew you couldn't possess a gun. That's ignorance of the law. We, that was flat out rejecting Rahafe, but you have to know the category you're in, even if that requires you to know a legal thing, and that is what the government must prove, and it's a difficult thing to prove in a G9 because the legal thing is complex, but there's nothing in this four-paragraph stipulation, which we're limited to, that shows Mr. Brown has that knowledge, and because the government failed to establish he has that knowledge, the property remedy here under Mount and Gaspar is to remand this case for entry of a judgment of acquittal. If the point, if the full stipulation that you're saying is outside the record were in the plea colloquy, would that, in your view, be sufficient to show knowledge? I'm sorry, can you say that one more time? If, if the, if the plea discussion with the, or the official plea stipulation stated that the same information that he understood that he had been convicted of this charge, the same exact language that you're saying we shouldn't consider, if that were in the part of the record you say we can consider, would that be sufficient to show knowledge? No, Your Honor, because it still wouldn't show he knows he's in the category, and that's what Rahafe requires.  In the category. What category? What category? That he knows his prior conviction is a misdemeanor crime of domestic violence. I can't understand why he didn't know that from the stipulation, he stipulated to that very fact. Let me give you an example, Your Honor, and this is me spitballing here. Let's say we're dealing with an ACCA offense, and somebody knows they have a conviction for aggravated assault, that doesn't mean they know it's a violent felony, right? So it's the same thing here. He knows he has a misdemeanor battery. That doesn't mean he knows it's a misdemeanor crime of domestic violence. And that's what the government has to prove here, that he knows it's a misdemeanor crime of domestic violence. Because if he doesn't know he has that, if he doesn't know he's in the category. We know from Castleman that it doesn't have to be actually violent, it can be an offensive touching, and he stipulated to that. That's a different question, Your Honor. That's whether it qualifies as a misdemeanor crime of domestic violence. We all agree it qualifies. The question is, does he know it's a misdemeanor? Does he know it qualifies? Does he know it's a misdemeanor crime of domestic violence? That's what Rahaith is about. And because there's nothing in the stipulation that shows he knows this legal thing, then the government failed to show that he is guilty of the offense. I see I'm at eight seconds here, so I would respectfully request that this court vacate the lower court's decision and enter a judgment of acquittal. Thank you.